**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

STEPHANIE PRICE, ET AL.,

Plaintiffs,

vs.

NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES, COMMISSIONER, ET AL.,

Defendants.

Case No. 21-cv-25-PB

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** The parties conferred via WebEx meeting on June 15, 2021, and subsequently exchanged additional comments via email.

**COUNSEL PRESENT/REPRESENTING**: Mark Tyler Knights and Kierstan Schultz of Nixon Peabody LLP and M. Geron Gadd of AARP Foundation Litigation on behalf of Plaintiffs. Anthony Galdieri, Seth Zoracki, and Amanda Palmeira of the NH Department of Justice on behalf of Defendants.

**CASE SUMMARY**

**THEORY OF LIABILITY**: This is a putative class action brought on behalf of a class of individuals with disabilities who have been approved to receive home- and community-based services under the Choices for Independence program, a Medicaid waiver program administered by Defendant NH Department of Health & Human Services (hereinafter referred to as the "CFI Waiver"). Plaintiffs and members of the Plaintiff Class are all financially eligible for Medicaid and have medical conditions that qualify them to receive nursing-facility level of care. The CFI Waiver is designed to enable Plaintiffs and class members to receive care in their homes and communities, rather than in a nursing facility, and thereby to remain active members of their communities instead of being relegated to an institution. These home- and community-based services generally come at a lower cost to the State than institutional care.

Defendants have maladministered the CFI Waiver in multiple ways, including but not limited to providing CFI Waiver services based on available provider capacity rather than participants' assessed service needs; failing to monitor whether CFI Waiver participants are receiving the services they have been assessed to need; and failing to take reasonable action to remedy the inadequate delivery of services when they become aware of it. Defendants have also failed to provide Plaintiffs and Plaintiff Class members notice of and an opportunity to challenge the denial, termination, and reduction of CFI Waiver services.

Defendants' maladministration of the CFI Waiver results in Plaintiff and Plaintiff Class members not receiving the services they have been determined to need under the waiver, in the amount and with the frequency they have been determined to need those services and with reasonable promptness. Without adequate and consistently-delivered CFI Waiver services, Plaintiffs and Plaintiff Class members are placed in precarious situations that can precipitate medical and psychosocial crises and can make it necessary for them to seek emergency care in hospitals and/or longer-term care in nursing facilities.

By placing Plaintiffs and Plaintiff Class members at risk of unnecessary institutionalization, Defendants have violated and continue to violate the integration mandate of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, as interpreted by the U.S. Supreme Court's opinion in *Olmstead v. L.C.* ex rel. *Zimring*, 527 U.S. 581 (1999). Defendants also have violated and continue to violate the ADA and the Rehabilitation Act by using criteria and methods of administration that subject Plaintiffs and Plaintiff Class members to discrimination on the basis of disability. By failing to ensure that CFI Waiver services are delivered with reasonable promptness, Defendant Shibinette has violated and continues to violate the Medicaid Act, 42 U.S.C. § 1396a(a)(8). And, by failing to provide CFI Waiver participants with notice and an opportunity for a fair hearing to challenge the denial, termination, and reduction of the CFI Waiver services for which participants have been approved, Defendant Shibinette has violated and continues to violate both the Medicaid Act, 42 U.S.C. § 1396a(a)(3), and participants' Constitutional right to procedural due process, a deprivation that is actionable under 42 U.S.C. § 1983.

**THEORY OF DEFENSE**: Within the Medicaid Act, 42 U.S.C. § 1396n permits States to seek a waiver respecting the medical assistance requirement in the State Plan.  The waiver permits a State to include within the term "medical assistance" "payment for part or all of the cost of home or community-based services (other than room and board) approved by the Secretary."  42 U.S.C. § 1396n(c).  The State has a 42 U.S.C. § 1396n waiver known as the Choices for Independence ("CFI") program.  Within that program, private case management companies enroll as Medicaid providers to provide case management services.  Other private providers may also enroll as Medicaid providers to provide various other types of services including homemaker services and personal care services.  Persons eligible for nursing home level of services may choose to be in the CFI program.  If they so choose, they will receive a case manager, who is responsible for determining the level of services the participant needs and for arranging for the provision of those services to the participant.  The defendants reimburse the case management companies and the providers for their services.

The plaintiffs contend that they are receiving inadequate, infrequent, insufficient, or interrupted case management and/or provider services from private case management companies and private providers in the CFI program.  The ADA and Rehabilitation Act, however, do not permit the defendants to be held liable for the actions of private third-parties unless those third-party actions have been caused by a discriminatory state policy or directive.  *See* 28 C.F.R. § 35.130(b)(6). The plaintiffs are unable to identify any specific action by the defendants—let alone a discriminatory state policy or directive—that causes these private third-parties to deliver allegedly inadequate, infrequent, insufficient, or interrupted services.  Similarly, the plaintiffs' Medicaid Act and Fourteenth Amendment claims, brought via 42 U.S.C. § 1983, cite actions

solely by the private case management and service providers, failing to identify any state action by which the defendants may be liable.

In the absence of an identified discriminatory state policy or directive, the plaintiffs' claims amount to a claim that defendants are failing to fulfill a standard of care in its administration of the CFI Waiver.  They also do not identify a service provided in another setting that is not provided to the plaintiffs and that may be provided to them as a reasonable accommodation.  They allege instead that the defendants have failed to provide certain new, additional services, not alleged to be provided to anyone else.  Such a theory is not viable under *Olmstead*.  527 U.S. at 603 n. 14 and *Buchanan v. Maine*, 469 F.3d 158, 173–74 (1st Cir. 2006).

The plaintiffs' ADA and Rehabilitation Act claims related to the method of administration provisions are further unviable because the plaintiffs have not identified any method of administration by the defendants that subjects the plaintiffs to discrimination.  And, though the plaintiffs' claims, fashioned under *Olmstead*, invoke the ADA and Rehabilitation Act, they fail to identify dissimilar treatment or disparate impact.  These are requisite showings under either act in a methods of administration claim.  *See Nunes v. Massachusetts Dep't of Corr.*, 766 F.3d 136, 145 (1st Cir. 2014) (citing 28 C.F.R. § 35.130(b)(3)(i))).

The plaintiffs' Medicaid Act and 42 U.S.C. § 1396a(a)(3) claims are unsound because the CFI Waiver program, as well as state law, already provide an opportunity for an adequate opportunity for a fair hearing that comports with procedural due process requirements of the statutes.  42 C.F.R. § 431.220(a); RSA 126-A:5, VIII; N.H. Admin. R. He-C 201.02(b).

The defendants further contend that the plaintiffs' proposed accommodations are not reasonable and would impose an undue hardship on the agency.  The defendants further contend that the plaintiffs are not seeking reasonable accommodations or modifications of existing policies, practices, procedures, or methods, but are seeking to fundamentally alter the CFI program.  The defendants further contend that they are meeting the reasonable promptness provision of the Medicaid Act given the circumstances in which the CFI program exists in New Hampshire, and further contend that the reasonable promptness provisions of the Medicaid Act cannot be used to seek rate increases, to create provider markets, or accomplish the other policy changes the plaintiffs seek.

The defendants further contend that remedies exist beyond what the plaintiffs seek that are capable of remedying any alleged program deficiencies.  Discretion is reserved to the defendants in the first instance to deploy those remedies in the event they are found liable in this action.

**DAMAGES**: Plaintiffs are seeking (1) a declaratory judgment that Defendants' policies, practices, acts and omissions in the administration of the CFI Waiver violate Plaintiffs' and Plaintiff class members' rights under the ADA, Rehabilitation Act, Medicaid Act, U.S. Constitution, and 42 U.S.C. § 1983; (2) a permanent injunction requiring Defendants to provide CFI Waiver services to recipients in the amounts and with the frequency recipients are assessed to need, to collect and maintain accurate information regarding CFI Waiver services, and notice of and an opportunity to challenge any denial, reduction and/or termination of CFI Waiver services; and (3) Plaintiffs' reasonable attorneys' fees and costs incurred in the prosecution of this action.

**DEMAND**:  May 24, 2022.

**OFFER**: June 14, 2022.

**JURISDICTIONAL QUESTIONS**: None.

**QUESTIONS OF LAW**:

- Whether Defendants have violated the ADA and Rehabilitation Act by failing to provide the CFI services that Plaintiffs and Plaintiff Class members need and for which they are eligible, thereby placing them at risk of unnecessary institutionalization.

- Whether Plaintiffs' claims under the ADA and Rehabilitation Act constitute an improper challenge to the adequacy of the services they receive under the CFI Waiver.

- Whether Plaintiffs are at risk of unjustified isolation within the meaning of the integration mandate of the ADA and Rehabilitation Act.

- Whether Defendants' methods of administering the CFI Waiver violate the ADA and Rehabilitation Act.

- Whether Defendants, by failing to provide the CFI services that Plaintiffs and Plaintiff Class members have been assessed to need, entirely or for protracted periods of time, have violated the Medicaid Act by failing to deliver services with reasonable promptness.

- Whether Defendants have violated the Medicaid Act and denied Plaintiffs and Plaintiff Class members due process by failing to provide Plaintiffs and Plaintiff Class members notice of and a fair hearing to challenge the effective denial, reduction, or termination of the CFI Waiver services they have been assessed to need.

- Whether Plaintiffs have demonstrated the existence of state action sufficient to support their claims for violations of the Medicaid Act and the Fourteenth Amendment.

- Whether Plaintiffs can establish the requirements of numerosity, commonality, typicality, and adequacy of representation sufficient to support the certification of the purported "class of people who, during the pendency of this lawsuit, have been placed at risk of unnecessary institutionalization because the Defendants, by act or omission, have failed to provide them the community-based long-term care services through the CFI Waiver program for which they have been found eligible and assessed to need."

    Defendants' additional proposed questions of law:

- Whether Defendants may be held liable under the ADA and Rehabilitation Act based on the actions of private third-party case management agencies and service providers, in the absence of a discriminatory state policy or directive.

- Whether Defendants have treated Plaintiffs differently, or whether Defendants' practices have had a disparate impact on persons with disabilities, sufficient to support a methods of administration claim under the ADA and the Rehabilitation Act.

**TYPE OF TRIAL**: Bench.

**SCHEDULE**

**TRACK ASSIGNMENT:** COMPLEX

**TRIAL DATE:** The parties propose a March 5, 2024 trial.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** N/A

**AMENDMENT OF PLEADINGS:**

Plaintiff: November 7, 2022 Defendant: December 2, 2022

**JOINDER OF ADDITIONAL PARTIES**:

Plaintiff: November 7, 2022 Defendant: December 2, 2022

**THIRD-PARTY ACTIONS**: January 27, 2023.

**MOTIONS TO DISMISS**: As permitted under Fed. R. Civ. P. 12.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

Plaintiff: February 3, 2023 Defendant: April 3, 2023

Supplementations under Rule 26(e) due: June 30, 2023

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY**:

(1) *Date all discovery complete* August 4, 2023.

(2) *Date for completion of discovery on issues for early discovery, if any.* N/A.

**MOTIONS FOR SUMMARY JUDGMENT**: September 4, 2023.

**CHALLENGES TO EXPERT TESTIMONY**: November 17, 2023.

**DISCOVERY**

**DISCOVERY NEEDED:** Plaintiffs anticipate needing discovery from Defendants regarding the CFI Waiver program generally and discovery regarding CFI Waiver participants. Such discovery may include but is not limited to: data and information regarding the Defendants' policies, procedures, and practices regarding the operation of the CFI Waiver program; data and information regarding CFI Waiver participants, including the Plaintiff Class, and CFI Waiver

services; communications with case management agencies or service providers regarding the CFI Waiver, CFI Waiver services, and CFI Waiver participants; reports to and communications with the Centers for Medicare/ & Medicaid Services or other federal agencies regarding the performance of the CFI Waiver program; financial data regarding the CFI Waiver program; internal or external audits, assessments, and reviews of the CFI Waiver program and/or services, and materials generated by or provided to consultants regarding the CFI Waiver program. Plaintiffs further anticipate that they will need to seek discovery, including some of the subjects outlined above, from third-party case management agencies and service providers.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** The parties have agreed to waive disclosures under Rule 26(a)(1).

**INTERROGATORIES**: A maximum of 100 interrogatories by plaintiffs and 100 by defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 50 requests for admission by plaintiffs and 50 by defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 30 non-expert depositions by plaintiffs and 30 by defendants. Durational limit for depositions in accordance with the Federal Rules of Civil Procedure.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The parties intend to negotiate a protocol for disclosure of ESI, including the technical and related aspects associated with the preservation, form, and manner of production of ESI, and will file it with the Court on or before August 31, 2021.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties agree that in the event that a disclosing party inadvertently produces privileged, protected or trial preparation materials, it will promptly notify the requesting party of such disclosure. If the receiving party discovers that it has received information that it reasonably believes may be inadvertently-produced privileged, protected or trial preparation materials, it will promptly notify the disclosing party, and the disclosing party will then notify the receiving party if in fact that information was inadvertently-produced privileged, protected or trial preparation material. Following notification of such inadvertent disclosure, the receiving party will return, sequester, or destroy all such material and copies thereof, and shall not disclose or use this information in the course of the litigation unless the claim of privilege or protection is disputed and resolved in favor of the receiving party. The parties further agree that should privileged, protected or trial preparation material be inadvertently produced during discovery, the inadvertent production will not constitute a general waiver of privilege or protection. Finally, the parties agree that they will attempt to resolve any disputes regarding the assertion of the privilege or protection between themselves and, if unable to do so, will file a motion with the court for *in camera* review and decision on the issue.

**OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:** Plaintiffs believe the likelihood of settlement cannot be evaluated until the parties have had the opportunity to conduct reciprocal fact discovery.

**JOINT STATEMENT RE: MEDIATION:** August 4, 2023.

**TRIAL ESTIMATE:** The parties estimate that trial will take 10-15 days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

- The parties anticipate that this case will require the exchange of confidential documents and information, including but not limited to protected health information, such that entry of a protective order is appropriate in this matter. The parties intend to submit a joint motion for entry of such a protective order in the near future.

- As this action is a putative class action, the Court will need to set a deadline for submission of class certification briefs. Plaintiffs propose that the Court set a deadline of June 28, 2022 for filing of class certification briefs, with objection and reply deadlines to follow as set forth in the Local Rules.

Dated: June 25, 2021

Respectfully submitted,

/s/ Mark Tyler Knights
Kierstan E. Schultz (#20682)
kschultz@nixonpeabody.com
Mobile: 412-303-0648
W. Daniel Deane (#18700)
ddeane@nixonpeabody.com
Mark Tyler Knights (#670991)
mknights@nixonpeabody.com
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
T: (603) 628-4000
F: (603) 628-4040

Kelly Bagby (*pro hac vice*)
M. Geron Gadd (*pro hac vice*)
Mobile: (202) 603-5020
Susan Ann Silverstein (*pro hac vice*)
kbagby@aarp.org
ggadd@aarp.org
ssilverstein@aarp.org
AARP FOUNDATION
601 E Street NW
Washington, DC 20049
T: (202) 434-2060
F: (202) 434-6622

Cheryl S. Steinberg (#10063)
NEW HAMPSHIRE LEGAL ASSISTANCE
117 N. State Street
Concord, NH 03301
T: (603) 206-2210
csteinberg@nhla.org
Kay E. Drought (#12851)
NEW HAMPSHIRE LEGAL ASSISTANCE
154 High Street
Portsmouth, NH 03801
T: (603) 206-2253
kdrought@nhla.org

Pamela E. Phelan (#10089)
Pamelap@drcnh.org
Mobile: (603) 491-4157

Respectfully submitted,

Lori Shibinette, Commissioner of the New Hampshire Department of Health and Human Services, and the New Hampshire Department of Health and Human Services

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

/s/ Seth M. Zoracki
Anthony J. Galdieri, Bar #18594
Senior Assistant Attorney General
Seth M. Zoracki, Bar #267887
Assistant Attorney General
Amanda N. Palmeira, Bar #269464
Assistant Attorney General
Civil Bureau
(603) 271-3650
anthony.galdieri@doj.nh.gov
seth.zoracki@doj.nh.gov
amanda.palmeira@doj.nh.gov

Todd R. Russell (#14237)
Toddr@drcnh.org
Mobile: (603) 264-4943
DISABILITY RIGHTS CENTER–
NEW HAMPSHIRE
64 North Main Street, Suite 2
Concord, NH 03301
T: (603) 228-0432
F: (603) 225-2077