UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEPHANIE PRICE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES, COMMISSIONER, ET AL., <br><br> Defendants. | Case No. 21-cv-25-PB |

**PLAINTIFFS' *EXPEDITED* MOTION TO COMPEL PRODUCTION OF AN ESI SEARCH TERM HIT REPORT AND ESI PURSUANT TO THE PARTIES' STIPULATION AND
PLAINTIFFS' REQUEST FOR EXPEDITED CONSIDERATION OF THIS MOTION**

Plaintiffs move to compel the Defendants to perform their obligations under the parties' Electronically Stored Information (ESI) Stipulation (ECF No. 38) to (1) provide ESI search term hit reports necessary to finalizing the production of ESI; and (2) produce ESI. Plaintiffs request <u>expedited</u> consideration of this Motion pursuant to L.R. 7.1(f). This motion is based on the following:

**Background**

1. In this putative class action litigation, Plaintiffs allege that the Defendants' failure to provide them with home and community-based Medicaid services puts the named Plaintiffs and other Plaintiff class members at imminent risk of institutionalization in violation of their rights under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Medicaid Act, and the Fourteenth Amendment to the United States Constitution.

2. On September 10, 2021, the parties filed their ESI Stipulation (ECF No. 38), which the Court approved on September 14, 2021.

1

3. Although the parties have had five meetings to exchange information necessary to comply with the terms of the Stipulation, the Defendants have been unable to timely provide information necessary to complete that undertaking.

4. Further delay in resolving the ESI issues will adversely impact the ability of the parties to complete discovery necessary to keep the case on track as scheduled in the Discovery Plan (ECF No. 32), including the June 28, 2022 deadline for briefing class certification.

## ESI Dispute

5. The ESI Stipulation requires each party to produce a list of proposed search terms and for the other party to then provide a "search term hit report":

Each Party will provide a list of proposed search terms, which shall contain search terms that it believes would lead to the identification of responsive documents. Each Party will also provide a search term hit report, including to the extent possible a description of the locations searched, the number of documents that hit on each term, and the total number of documents that would be returned by using the proposed search term list. The Parties will agree upon a schedule for the exchange of search terms and search term hit reports.

ESI Stipulation, ECF No. 32, ¶ 15.

6. Consistent with the ESI Stipulation, on October 6, 2021 Plaintiffs provided Defendants with proposed lists of ESI custodians and ESI sources based on discovery obtained during depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). In addition, Plaintiffs provided Defendants with a list of proposed ESI search terms on November 12, 2021 and, as supplemented and refined, on November 22, 2021.   Exhibits A and B.

7. Defendants objected to Plaintiffs' proposals, including, as is relevant here, the numbers of custodians and search terms Plaintiffs identified. To facilitate an agreement on the ESI issues given the differences between the parties on ESI custodians, sources, and terms, Plaintiffs asked Defendants, on November 19, 2021, to generate and provide preliminary search term hit reports for a limited number of custodians. Those search term hit reports then could be used to identify and potentially narrow any overly broad search terms.

Defendants' counsel did not object in principle to proceeding in this manner.

8. Yet as of the date of this Motion the Defendants have been unable to produce even a single search term hit report for a single custodian.

9. The parties have been unable to agree on a schedule for the exchange of search term hit reports, due to the Defendants' failure to make any progress in producing even a single search term hit report.

10. Plaintiffs' counsel understands that the Defendants are migrating their Outlook e-mail to a more advanced version of Microsoft Office. That migration, which was to have been completed last month, is apparently still underway and may take several more weeks to complete. The Defendants have made no apparent effort to prioritize the ESI searches requested by the Plaintiffs in this litigation.

11. Once the Defendants do generate search term hit reports, Plaintiffs ask that they be ordered to produce ESI itself within, at most, thirty (30) days of Plaintiffs' Requests for such production.

12. No separate memorandum of law is necessary, as the points and authorities relevant to the relief requested are contained within this motion. L.R. 7.1(a)(2).

**Request for Expedited Consideration of this Motion**

13. Any further delay in Defendants' production of the search term hit reports required by the ESI Stipulation jeopardizes the deadlines set forth in the Discovery Plan, and in particular the June 28, 2022 deadline for Plaintiffs to move for class certification. ECF 32 at 7.

14. Because the case schedule is placed at risk by Defendants' recalcitrance, Plaintiffs request expedited consideration of this Motion. L.R. 7.1(f).

**Concurrence Statement**

15. On December 7, 2021, counsel for the Defendants stated that the Defendants object to the relief requested. L.R. 7.1(c).

WHEREFORE, Plaintiffs request that this Court:

A. Grant the Plaintiffs' request for expedited consideration of this motion;

B. Grant this motion and enforce the Parties' ESI Stipulation;

C. Order the Defendants to produce the Plaintiffs' requested Search Term Hit Reports within ten (10) days of this Court's order;

D. Order the Defendants to produce all ESI and all other documents requested by the Plaintiffs within a maximum of thirty (30) days of each Request for Production of Documents, or a shorter time if that shorter time is applicable; and

E. Grant such further relief in favor of Plaintiffs as deemed just and appropriate.

December 7, 2021                                  By Their Attorneys,

                                                  */s/ Kay E. Drought*

| | |
|---|---|
| Cheryl S. Steinberg (#10063) | Pamela E. Phelan (#10089) |
| NEW HAMPSHIRE LEGAL ASSISTANCE | Pamelap@drcnh.org |
| 117 N. State Street | Mobile: (603) 491-4157 |
| Concord, NH 03301 | Todd R. Russell (#14237) |
| T: (603) 206-2210 | Toddr@drcnh.org |
| csteinberg@nhla.org | Mobile: (603) 264-4943 |
| Kay E. Drought (#12851) | DISABILITY RIGHTS CENTER– |
| NEW HAMPSHIRE LEGAL ASSISTANCE | NEW HAMPSHIRE |
| 154 High Street | 64 North Main Street, Suite 2 |
| Portsmouth, NH 03801 | Concord, NH 03301 |
| T: (603) 206-2253 | T: (603) 228-0432 |
| kdrought@nhla.org | F: (603) 225-2077 |
| | |
| Kierstan E. Schultz (#20682) | Kelly Bagby (*pro hac vice*) |
| kschultz@nixonpeabody.com | M. Geron Gadd (*pro hac vice*) |
| Mobile: 412-303-0648 | Susan Ann Silverstein (*pro hac vice*) |
| W. Daniel Deane (#18700) | kbagby@aarp.org |
| ddeane@nixonpeabody.com | ggadd@aarp.org |
| Mark Tyler Knights (#670991) | ssilverstein@aarp.org |
| mknights@nixonpeabody.com | AARP FOUNDATION |
| NIXON PEABODY LLP | 601 E Street NW |
| 900 Elm Street, 14th Floor | Washington, DC 20049 |
| Manchester, NH 03101 | T: (202) 434-2060 |
| T: (603) 628-4000 | F: (202) 434-6622 |
| F: (603) 628-4040 | |

## CERTIFICATE OF SERVICE

I, Kay E. Drought, hereby certify that the foregoing motion will be filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 7, 2021                           */s/ Kay E. Drought*

                                                  Kay E. Drought