UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Emily Fitzmorris, et al</u>.

    v.

<u>New Hampshire Department of
Health and Human Services
Commissioner Lori Weaver, et al.</u>

Case No. 21-cv-25-PB
Opinion No. 2024 DNH 003

<u>MEMORANDUM AND ORDER</u>

On November 27, 2023, I certified a class of certain participants in New Hampshire's Choices for Independence (CFI) Waiver program, a state Medicaid program that provides home and community-based care services to adults with disabilities. The defendants sought interlocutory review of the class certification order and now move to stay proceedings during the pendency of their appeal. Because I conclude that the defendants have not demonstrated that a stay is warranted at the present time, I deny their motion without prejudice to their ability to reraise their arguments should circumstances change.

    I.    <u>BACKGROUND</u>

The named plaintiffs filed the instant suit against various state officials responsible for C CFI Waiver program, claiming that the defendants' alleged failure to provide CFI Waiver participants with the full amount of

services for which they have been authorized violates the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.; the Rehabilitation Act, 29 U.S.C. §§ 794 et seq.; and the Medicaid Act, 42 U.S.C. § 1396(a)(8). The plaintiffs moved to certify a class of similarly situated individuals pursuant to Federal Rule of Civil Procedure 23(b)(2), which authorizes class treatment in cases seeking indivisible injunctive relief. I denied the plaintiffs' motion without prejudice after concluding that the proffered evidence failed to satisfy Rule 23(a)(2)'s commonality requirement.

The plaintiffs subsequently filed a renewed motion for class certification, which I granted.[1] The defendants promptly filed a petition with the First Circuit under Rule 23(f), seeking permission to pursue an interlocutory appeal of the class certification order. The defendants' petition challenges my conclusions that (1) the plaintiffs were not required to prove their class was objectively ascertainable based on the First Circuit's decisions in Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972), and Crosby v. Social

---

[1] The certified class consists of:

> CFI Waiver participants who, during the pendency of this lawsuit, have been placed at serious risk of unjustified institutionalization because Defendants, by act or omission, fail to ensure that the CFI participants receive the community-based long term care services and supports through the waiver program for which they have been found eligible and assessed to need.

Doc. 165 at 79.

Security Administration, 796 F.2d 576 (1st Cir. 1986), and (2) the plaintiffs' evidence was sufficient to satisfy commonality consistent with the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011), and the First Circuit's decision in Parent/Professional Advocacy League v. City of Springfield, 934 F.3d 13 (1st Cir. 2019). The First Circuit has yet to rule on the defendants' petition. The defendants now move to stay proceedings in this court during the pendency of their appeal, and the plaintiffs object.

## II.   STANDARD OF REVIEW

The filing of a petition under Rule 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Because a "stay is an intrusion into the ordinary process of administration and judicial review," it is "not a matter of right" but rather "an exercise of judicial discretion." Nken v. Holder, 556 U.S. 418, 427, 433 (2009) (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-434.

## III.   ANALYSIS

To determine whether a stay is warranted, I consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v.

Braunskill, 481 U.S. 770, 776 (1987). I consider each factor in turn, paying particular attention to the first and second factors, which are "the most critical." Nken, 556 U.S. at 434.

Whether the defendants have demonstrated a sufficient likelihood of success on the merits turns on "two considerations: first, whether [they] will obtain permission to appeal," and second, whether the appeal "raise[s] serious and difficult questions of law in an area where the law is somewhat unclear." Picone v. Shire, LLC, No. 1:16-cv-12396-ADB, 2020 WL 3051871, at *2 (D. Mass. June 8, 2020) (cleaned up).

I have no doubt that the defendants' appeal raises "serious and difficult questions of law" worthy of the First Circuit's consideration. Id. (quoting Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 150 (D. Mass. 1998)). Applying the commonality framework established in Wal-Mart to cases, such as this, that raise challenges to systemic deficiencies can prove quite difficult, and district courts could benefit from the Circuit's guidance on how to approach such challenges.

Nonetheless, the defendants have not made a sufficient showing that the First Circuit is likely to permit their interlocutory appeal. Although circuit courts have "unfettered discretion" to grant interlocutory review of class certification orders, see Fed. R. Civ. P. 23(f) advisory committee's note (1998), "appellate courts often do not review certification orders until after

4

final judgment." In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 40 n.18 (1st Cir. 2009). The First Circuit has indicated that it will ordinarily grant leave for appeal only where certain circumstances are present, including, as relevant here, where the "appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself and likely to escape effective review if it is left hanging until the end of the case."[2] Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000). The First Circuit has cautioned, however, that this category is relatively "restricted" and that "interlocutory appeals should be the exception, not the rule" given that "many (if not most) class certification decisions turn on 'familiar and almost routine issues.'" Id. (quoting Fed. R. Civ. P. 23(f) advisory committee's note (1998)).

The issues raised by the defendants' appeal, while no doubt substantial, do not turn on unsettled questions of law. The class certification order did not purport to resolve unaddressed questions of law, but rather applied established case law to the facts at hand. That the defendants

---

[2] The First Circuit has also stated that it will generally grant leave to appeal where "a denial of class status effectively ends the case" or "the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle." Mowbray, 208 F.3d at 293. The instant case does not appear to fall within either category, and the defendants do not argue otherwise.

contend this application was erroneous does not mean that the order implicated unsettled questions of law.

Moreover, the defendants make no argument that the issues raised in their appeal could not be effectively reviewed at the conclusion of the case. Absent such a showing, the First Circuit has indicated that it is disinclined to permit an interlocutory appeal to proceed. Id. at 293-294 ("even when an application touts a supposedly fundamental issue of law, a showing that an end-of-case appeal promises to be an adequate remedy will weigh heavily against granting a Rule 23(f) application."). Accordingly, while there is a fair possibility that the defendants' Rule 23(f) petition will be granted, the defendants have not made the requisite "strong showing" that such an outcome is likely. Nken, 556 U.S. at 434 (noting that "more than a mere possibility of relief is required" to warrant a stay) (cleaned up).

Nor have the defendants demonstrated that they would suffer irreparable harm absent a stay. The defendants primarily argue that, if proceedings were to continue, they would incur substantial, and potentially unnecessary, litigation costs. "Courts appear split over whether litigation costs alone establish irreparable harm[.]" Huffman v. Prudential Ins. Co. of Am., No. 2:10-cv-05135, 2018 WL 1281901, at *2 & n.4 (E.D. Pa. Mar. 12, 2018) (collecting cases). Although "[a] majority of courts holds that the prospect of potentially avoidable litigation expense may support a stay

6

pending appeal," district courts in this circuit have routinely concluded that litigation expenses alone do not constitute irreparable harm. See 2 McLaughlin on Class Actions § 7:1 (20th ed. 2023); see, e.g., Does v. Mills, No. 1:21-cv-00242-JDL, 2022 WL 43893, at *3 (D. Me. Jan. 4, 2022); Picone, 2020 WL 3051871, at *2; Foss v. Spencer Brewery, No. 4:19-40098-TSH, 2019 WL 6223205, at *1 (D. Mass. Nov. 20, 2019). This conclusion is consistent with Supreme Court precedent on preliminary injunctions, which recognizes that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury" justifying an injunction. Renegotiation Bd. v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 24 (1974); accord Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union, 22 F.3d 8, 14 (1st Cir. 1994) ("courts have ordinarily not deemed litigation expense to be substantial and irreparable injury warranting an injunction[.]"). While not directly on point, the Supreme Court's guidance on preliminary injunctions is instructive given that both inquiries turn on comparable tests and are animated by "similar concerns." Nken, 556 U.S. at 434 ("There is substantial overlap between [the stay factors] and the factors governing preliminary injunctions[.]"). Accordingly, that the defendants may be forced to incur litigation expenses does not constitute the sort of irreparable injury justifying a stay, even if those expenses are ultimately rendered unnecessary. See Fed. Trade Comm'n v. Standard Oil Co. of Cal., 449 U.S. 232, 244 (1980) (quoting

Petroleum Expl., Inc. v. Pub. Serv. Comm'n, 304 U.S. 209, 222 (1938)) ("the expense and annoyance of litigation is part of the social burden of living under government.").

The defendants next argue that they would be irreparably harmed by being forced to prepare for trial without "clarification from the First Circuit" as to "what Plaintiffs must prove on the merits[.]" Doc. 166-1 at 5. However, much like litigation expenses, lingering uncertainties as to how the merits will ultimately be proved are not unique to this case, but rather are likely to arise in any complex class action. Nonetheless, "courts do not grant stays as a matter of course in the Rule 23(f) context." Huffman, 2018 WL 1281901, at *2 n.4. The defendants' concerns will be resolved, not by a stay, but rather by proceeding to summary judgment, where the plaintiffs' theory of the case can be adequately probed and challenged.[3] The defendants have therefore failed to demonstrate that they will suffer irreparable harm should the case proceed.

The defendants' failure to establish a likelihood of success on the merits or a threat of irreparable harm is, standing alone, "fatal to [their] motion."

---

[3] Indeed, even if I were to grant a stay, it would not necessarily prevent the harm the defendants fear. The First Circuit could resolve the defendants' appeal without discussing what the plaintiffs must prove to succeed on the merits of their action (an issue that was neither extensively analyzed in my order nor briefed by the parties), in which case the defendants would be in the same position as they are now.

Foss, 2019 WL 6223205, at *1. Nonetheless, it is worth noting that both the public interest and the risk of harm to other interested parties weigh in favor of denying a stay.

The class plaintiffs are individuals with significant disabilities who rely on CFI Waiver services to maintain their health and independence in the community. While the defendants challenge the extent of the harm claimed by the plaintiffs and deny any legal responsibility, they do not dispute that many CFI Waiver participants experience gaps in service delivery and that such service gaps can, in certain circumstances, lead to severe consequences, including institutionalization or death. See Doc. 96-1 at 8; Doc. 134-10 at 9; Doc. 151-2 at 44. If the plaintiffs are correct that the defendants' practices are driving service gaps, then staying the proceedings would threaten substantial, and perhaps avoidable, harm to the class plaintiffs as well as the greater community.  See DL v. District of Columbia, 6 F. Supp.3d 133, 136 (D.D.C. 2014) ("the harm that could befall the plaintiffs and the public as a result of noncompliance with the IDEA far outweighs the comparatively meager cost to the District of producing discovery[.]"). Moreover, given the nature of the claims and the characteristics of the class members, staying the proceedings risks "depriv[ing] some class members of the opportunity to benefit from any relief that is obtained." See Thorpe v. District of Columbia, 306 F.R.D. 6, 11 (D.D.C. 2014); cf. Earl v. Boeing Co., 21 F.4th 895, 900 (5th

Cir. 2021) (noting that, where only monetary relief was sought, class plaintiffs would not be substantially harmed by a delayed victory). Considering the magnitude of the concerns raised by this case, both the class members and the public have a substantial interest in resolving the claims as promptly as possible.

## IV.   CONCLUSION

For the foregoing reasons, I conclude that the defendants have not demonstrated that a stay is presently warranted. Nonetheless, because the "propriety of [a stay] is dependent upon the circumstances of the particular case," the defendants may renew their motion at a later time should circumstances change. See Nken, 556 U.S. at 433 (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-673 (1926)). Accordingly, the defendants' motion to stay proceedings (Doc. 166) is denied without prejudice.

SO ORDERED.

/s/ Paul J. Barbadoro  
Paul J. Barbadoro  
United States District Judge

January 22, 2024

cc:   Counsel of Record