# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EMILY FITZMORRIS, ET AL., | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) Case No. 1:21-CV-25-PB <br> ) |
| NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES AND COMMISSIONER LORI WEAVER, ET AL. | ) <br> ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) <br> ) |

## DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF AND INCORPORATED MEMORANDUM OF LAW[1]

Defendants, Commissioner of the State of New Hampshire, Department of Health and Human Services, *et al.*, by and through counsel, submit this Opposition to Motion for Leave to File Amicus Curiae Brief on Behalf of Justice in Aging, the Center for Medicare Advocacy, the Center for Public Representation, Disability Law United, Disability Rights Education and Defense Fund, National Consumer Voice for Quality Long-Term Care, and the National Health Law Program in Support of Plaintiffs [ECF 236] (hereafter, "Motion" and "advocacy organizations"), stating as follows:

### Introduction

1. Contrary to the advocacy organizations' assertion that the "proposed *Amici* have met the standards set out in the Federal Rules of Appellate Procedure" (ECF 236-1 at 2), their proposed amicus brief is neither within the length or timing requirements of the rule. The

---

[1] No separate memorandum is necessary as all citations to supporting authorities are incorporated herein. LR 7.1(a)(2).

1

advocacy organizations waited until the parties completed their summary judgment briefing to file this Motion, depriving Defendants of the opportunity to respond in the course of Defendants' regular summary judgment briefing. They provide no basis for such a delay. The advocacy organizations' brief is well-outside of the page limit set forth within the rules, making a response burdensome and prejudicial to Defendants. Finally, Plaintiffs are adequately represented by numerous counsel, and Plaintiffs have already had the opportunity to brief their arguments in the existing briefing schedule and page limits approved by this Court.

## Legal Authority

2. "[T]he acceptance of amicus briefs is within the sound discretion of the court." Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970); *see also League of Women Voters of N.H. v. Kramer*, Docket No. No. 24-cv-73-SM-TSM, 2024 U.S. Dist. LEXIS 195923, at *4 (D.N.H. Oct. 29, 2024). The Federal Rules of Civil Procedure do not address amicus participation, however, Rule 29 of the Federal Rules of Appellate Procedure governs amicus curiae in the federal circuit courts of appeals. *League of Women Voters of N.H.*, Docket No. No. 24-cv-73-SM-TSM, 2024 U.S. Dist. LEXIS 195923, at *4; Fed. App. R. 29.

3. Despite its inherent authority to accept amicus briefing, the First Circuit has warned that "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

**Argument**

4. The parties stipulated to a briefing schedule on their cross-motions for summary judgment on October 15, 2024 (ECF 191). Plaintiffs filed their Motion for Summary Judgment on May 15, 2025 (ECF 199); Defendants filed their Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on June 16, 2025 (ECF 223); Plaintiffs filed their Opposition to Defendants' Cross-Motion and Reply in Support of their Motion for Summary Judgment on July 16, 2025 (ECF 229); and Defendants filed their Reply in Support of their Cross-Motion for Summary Judgment on July 31, 2025 (ECF 235). It was only on July 31, 2025, when the parties had fully briefed their motions that the advocacy organizations moved to file the amicus brief. ECF 236. If the advocacy organizations had, in fact, followed the Federal Rules of Appellate Procedure as they assert in their memorandum in support of their Motion, they would have filed their amicus brief "no later than 7 days after the principal brief of the party being supported is filed" (Fed. App. R. 29(a)(6)), on or before May 23, 2025.

The advocacy organizations do not state a basis for waiting until briefing was completed by the parties to file their Motion. A cursory internet search of the attorneys of record representing the advocacy organizations reveals that counsel had fully researched and prepared their *Loper Bright* arguments in a blog post from May 21, 2025.[2] The article referred to a journal article published by counsel in the UCLA's Disability Law Journal and another amicus

---

[2] "Key Disability Rights Regulations Will Remain Authoritative in the Wake of Loper Bright: A Toolkit for Litigation"; https://foxrob.com/2025/05/21/key-disability-rights-regulations-will-remain-authoritative-in-the-wake-of-loper-bright-a-toolkit-for-litigation, accessed August 7, 2025.

3

brief by counsel on the same subject. Where the organizations had access to the parties briefing schedule since October 2024 and had already prepared their arguments set forth in their proposed amicus brief, the organizations' delay does not appear to be either reasonable or necessary.

In addition, if the amicus brief "met the standards set out in the Federal Rules of Appellate Procedure" (ECF 236-1 at 2), as the advocacy organizations argue, the amicus brief would not have exceeded 12 pages.[3] The advocacy organization's proposed amicus brief is a 44-page document, comprising of an exhibit and 24 pages in the body of the brief. The brief unnecessarily expands the already-expansive summary judgment record. The parties agreed, and the court ordered, total briefing by the parties on summary judgment not to exceed 75 pages. ECF 197. This additional twenty-five pages in support of Plaintiffs argument is unduly prejudicial to Defendants.

Finally, Plaintiff's counsel have not shown that they "may need supplementing assistance." *Strasser*, 432 F.2d at 569. Plaintiffs are adequately represented: they are represented by thirteen attorneys from four different law firms and organizations, according to their recent filings. *See, e.g.*, ECF 230. Their attorneys have had adequate time and resources to prepare their arguments. Bringing in the duplicative arguments of several national advocacy organizations at this time is prejudicial to Defendants and unnecessary.

This Circuit has recognized "[a]t a minimum, reply poses a burden on the opposite party, who may, in addition, feel that he is outnumbered." *Strasser*, 432 F.2d at 569. Counsel for

---

[3] The Federal Rules of Appellate Procedure require an amicus brief to "be no more than one-half the maximum length authorized by these rules for a part's principal brief. If the court grants a party permission to file a longer brief, that extension does not affect the length of an amicus brief." Fed. App. R. 29(a)(5). Local Rule 7.1 requires memorandum in support of a dispositive motion not to exceed 25 pages unless by prior leave of court.

Defendants, including the NH DOJ and outside counsel, have spent significant time on their initial summary judgment briefing and the State has not allocated additional resources to preparing a response to the advocacy organizations' late-filed amicus brief as well.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court deny the advocacy organizations' Motion for Leave to File Amicus Brief.

Respectfully submitted,

Commissioner, Lori Weaver, in her official capacity as commissioner of DHHS & NH Department of Health & Human Services

By their attorneys,

JOHN FORMELLA
ATTORNEY GENERAL

Dated: August 12, 2025

/s/ Catherine A. Denny
Catherine A. Denny, Bar #275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

<table>
<tr><td>Dated: August 12, 2025</td><td>/s/ Philip J. Peisch<br>Philip J. Peisch, *pro hac vice*<br>Kendra Doty, *pro hac vice*<br>Rebecca Wolfe, *pro hac vice*<br>Brown & Peisch PLLC<br>1225 19th Street NW, Suite 700<br>Washington, DC 20036<br>202-499-4258<br>ppeisch@brownandpeisch.com<br>kdoty@brownandpeisch.com<br>rwolfe@brownandpeisch.com</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by ECF to all counsel of record.

Dated: August 12, 2025                                          /s/ Catherine A. Denny
                                                                              Catherine A. Denny