# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EMILY FITZMORRIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES AND COMMISSIONER LORI WEAVER,<br><br>Defendants. | Case No. 21-cv-00025-PB |

### REPLY OF POTENTIAL *AMICI* IN SUPPORT OF
### MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Potential *Amici* Justice in Aging, the Center for Medicare Advocacy, the Center for Public Representation, Disability Law United, Disability Rights Education and Defense Fund, National Consumer Voice for Quality Long-Term Care, and the National Health Law Program respectfully submit this reply in response to Defendants' Opposition to Motion for Leave to File *Amicus* Brief, August 12, 2025, ECF No. 239 ("Opp'n").

Defendants raise three arguments in opposition to *Amici*'s Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs, July 30, 2025, ECF No. 236: timing; length; and Plaintiffs' need for assistance. None of these arguments mitigates against the Court's exercise of discretion in favor of granting *Amici*'s motion.

*Amici*'s brief is timely. As Defendants concede, the Federal Rules of Civil Procedure do not address *amicus* participation. Opp'n at 2. There was thus no deadline for *Amici* to file their motion.

Defendants complain that, had *Amici* followed the Federal Rules of Appellate Procedure, they would have had to have filed on May 23, 2025, seven days after Plaintiffs' Motion for Summary Judgment. *Id.* at 3. However, the need for *Amici*'s motion arose only with the June 16,

2025 filing of Defendants' Memorandum in Support of Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment, as this was the first time Defendants attacked the Plaintiffs' claims – and the entire Title II and Section 504 regulatory enterprise – based on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Id.* at 3-9, ECF No. 223-1.[1] Plaintiffs responded to that filing on July 16, 2025, Pls' Reply in Supp. of their Mot. for Summ. J. and Obj. to Defs.' Cross-Motion for Summ. J., ECF No. 229, and the *amicus* brief followed two weeks later addressing these specific arguments. This was outside the appellate *amicus* deadline, but well within this Court's discretion to accept the filing.

      As to the length of the brief, again, there is no applicable rule. *Amici* submit that the length of their brief was appropriate to the subject matter but, should this Court deem it appropriate, *Amici* will resubmit a brief of no more than twelve and a half pages.

      The question whether a party "may need supplementing assistance," *see* Opp'n at 4, is in fact half of a disjunctive sentence, and does not establish a standard that either Plaintiffs or *Amici* must meet. In the case cited by Defendants, the First Circuit stated that, where there is no consent to an *amicus* brief, the district court should "go slow . . . **unless** . . . the *amicus* has a special interest that justifies his having a say, **or unless** the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (emphasis added). *Amici* have amply demonstrated their special interest in the issues addressed in the *amicus* brief. Mem. of Law in Supp. of Motion for Leave to File *Amicus Curiae* Br. in Supp. of Pls. at 2-6, July 30, 2025, ECF No. 236-1 ("*Amicus* Memorandum"). Among other things, *Amici* organizations bring decades of experience to the deep historical regulatory background that the

---

[1] The *amicus* brief makes clear that it supports Plaintiffs' opposition to Defendants' motion for summary judgment as to two claims: those under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *See id.* at 25, ECF No. 236-2.

*amicus* brief provided. *See Amicus* Brief in Support of Plaintiffs at 15-21, July 30, 2025, ECF No. 236-2.

For the reasons set forth above and in the *Amicus* Memorandum, *Amici* respectfully request that this Court overrule Defendants' objection and grant leave to file the tendered *Amicus Curiae* brief.

Respectfully submitted,

| FOX & ROBERTSON, PC | RED SNEAKER LAW, PLLC |
|---|---|
| */s/ Amy F. Robertson*<br>Amy F. Robertson, CO Bar No. 25890<br>1550 Wewatta St., Suite 200<br>Denver, CO 80202<br>303.951.4164<br>arob@foxrob.com<br>*Pro hac vice pending* | */s/ Kirk Simoneau*<br>Kirk Simoneau, NH Bar No. 19291<br>P.O. Box 1216<br>Amherst, NH 03031<br>603.336.2028<br>kirk@redsneakerlaw.com |

JUSTICE IN AGING

*/s/ Liam McGivern*
Liam McGivern, FL Bar No. 98684
9555 SW 175th Terrace, # 665
Palmetto Bay, FL 33157
202.792.3680
lmcgivern@justiceinaging.org
*Pro hac vice pending*

Counsel for *Amici*

Dated: August 12, 2025

## Certificate of Service

      I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Kirk Simoneau
Kirk Simoneau